**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| HECTOR M.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 6562 |
| v. | ) | |
| | ) | Magistrate Judge |
| COMMISSIONER OF THE | ) | Daniel P. McLaughlin |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Hector M.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for judgment on the pleadings [13] is denied, and the Commissioner's cross-motion for summary judgment [17] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 6, 2020, Plaintiff filed a claim for DIB, alleging disability since April 20, 2020. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on March 7, 2022. The Social Security Administration Appeals Counsel then remanded the matter to the ALJ on February 15, 2023. An online video remand hearing was held on June 24, 2023 and a supplemental online video hearing was held on October 20, 2023. Plaintiff appeared and testified at the hearings and was represented by counsel. A medical expert ("ME") and a vocational expert ("VE") participated in both hearings.

On February 9, 2024, the ALJ again denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's February 9, 2024 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

In the ALJ's February 9, 2024 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ ultimately determined that Plaintiff was not disabled prior to February 1, 2022, but became disabled on that date. In reaching that conclusion, the ALJ found at step one that Plaintiff had

not engaged in substantial gainful activity since his alleged onset date of April 20, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: multiple sclerosis (MS); delusional disorder; post-traumatic stress disorder (PTSD); generalized anxiety disorder (GAD); major depressive disorder (MDD); attention deficit hyperactivity disorder (ADHD); and neurodevelopmental disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal any listed impairments.

Before step four, the ALJ determined that – prior to February 1, 2022 – Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: could frequently push and pull with the bilateral lower extremities; could frequently handle and finger bilaterally; could frequently climb ramps and stairs; could occasionally climb ladders, ropes or scaffolds; could frequently balance, stoop, kneel, crouch, and crawl; could occasionally work at unprotected heights or near moving mechanical parts; could occasionally be exposed to vibration; was restricted to understanding, remembering and carrying out simple instructions for simple, routine tasks; could have no hourly production requirement, but could meet end of day goals; was able to make simple work decisions; was able to frequently interact with supervisors; was able to occasionally interact with coworkers and the public; and was able to be exposed to no more than occasional changes in a job setting. At step four, the ALJ concluded that, since April 20, 2020, Plaintiff was unable to perform his past relevant work as a driver or administrative analyst. However, at step five, based upon the VE's

3

testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that – prior to February 1, 2022 – Plaintiff could have performed jobs existing in significant numbers in the national economy. The ALJ ultimately concluded that Plaintiff was not disabled under the Social Security Act prior to February 1, 2022, but became disabled on that date.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps

4

one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for

5

every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred by substituting lay opinion and improperly rejecting the ME's opinions related to marked limitations; and (2) the ALJ erred by failing to include opined limitations of 1-2 step tasks. Each argument will be addressed below in turn.

## A.     The ALJ's Assessment of the ME's Opinions

Plaintiff's first argument centers around the findings of Cheryl Buechner, Ph.D., who served as the ME in this case. Because Plaintiff filed his claim in 2020, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In his decision, the ALJ noted Dr. Buechner's opinions at length, including her determinations that Plaintiff had significant functional limitations and should avoid high stress positions. (R. 37-39.) The ALJ then assessed Dr. Buechner's opinions as follows:

> I find Dr. Buechner's opinion partially persuasive as the overall record notes varied picture in terms of mental functional limitations. As noted above, although the most recent consultative psychological evaluation noted moderate to severe clinical findings, treatment notes from multiple sources document largely mild to moderate clinical findings. Additionally, although the claimant has had therapy and medication management on a consistent basis, treatment notes from various sources fail to document any period of heightened severity of symptoms that would require a greater treatment intensity, such as ER admissions, partial hospitalization program, intensive outpatient program or psychiatric hospitalization. Therefore, I find that moderate mental limitations are more consistent with the objective findings with the claimant's condition, mental combined with physical, worsening by the established onset date.

(*Id.* at 39.) In sum, the ALJ partially discounted Dr. Buechner's opinions to the extent they were inconsistent with the clinical findings and unsupported by the various treatment notes in the record and Plaintiff's course of treatment. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Buechner's opinions. *See* 20 C.F.R. § 404.1520c(b)(2).

In particular, Plaintiff argues that the ALJ erred with respect to the ME's findings regarding the "paragraph B" criteria. In his step three analysis, the ALJ assessed those criteria, namely, Plaintiff's impairments in the four broad areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and

adapting or managing oneself. The ALJ concluded that Plaintiff had a mild limitation with understanding, remembering, or applying information; a moderate limitation with interacting with others; a moderate limitation with concentrating, persisting, or maintaining pace; and a moderate limitation with adapting or managing oneself. (R. 22-24.) The ALJ provided a well-reasoned 3-page analysis of the paragraph B criteria that considered the record evidence and reasonably concluded that the evidence supported the findings that Plaintiff had at most moderate limitations in the functional areas. Considering the ALJ's fulsome analysis, the Court finds no issues with the ALJ's assessment of the paragraph B criteria that would require remand. *See Meghan S. v. Kijakazi*, No. 20 C 1592, 2021 U.S. Dist. LEXIS 172594, at \*8-9 (N.D. Ill. Sep. 13, 2021); *Elizabeth A. v. Saul*, No. 19 C 6024, 2021 U.S. Dist. LEXIS 8348, at \*11 (N.D. Ill. Jan. 15, 2021).

Notably, and generally contrary to Plaintiff's claims of disability, Dr. Buechner opined that Plaintiff did *not* "fully meet the [paragraph] B criteria." (R. 70.) Nevertheless, Plaintiff points to Dr. Buechner's comments that some of Plaintiff's mental limitations were "fairly marked" or "moderate to marked" and essentially argues that the ALJ should have found marked limitations with respect to the paragraph B criteria. The Court rejects that assertion. The ALJ noted those findings and he was not required to accept them. *See Mark H. v. Kijakazi*, No. 20-CV-7726, 2022 WL 4329114, at \*9 (N.D. Ill. Sept. 19, 2022) ("Claimant also cites Dr. Kim's findings as evidence that he met the paragraph B criteria, but, as noted above, the ALJ addressed those findings and she was entitled to reject them for the

9

reasons she articulated.") (citations omitted). Plaintiff contends that the ALJ impermissibly relied on his own lay assessment and erroneously "played doctor." The Court also rejects that argument. The ALJ reasonably considered and weighed the evidence in relation to the various medical opinions. *See Armstrong v. Barnhart*, 287 F. Supp. 2d 881, 886-87 (N.D. Ill. 2003) ("Our review of the record indicates that the ALJ was not 'playing doctor,' but performing his duty to consider and weigh the evidence."). Indeed, "comparing and weighing the different [medical] opinions differently based on whether they were supported by the medical record as a whole . . . is exactly what the ALJ is supposed to do." *Roy R. v. Kijakazi*, No. 10 CV 1687, 2022 WL 1185601, at *13 (N.D. Ill. Apr. 21, 2022) (citations omitted). That is what the ALJ did here.

### B. <u>Issues Related to 1-2 Step Tasks</u>

For his second argument, Plaintiff contends that "the ALJ erred by failing to include opined limitations of 1-2 step tasks." ([13-2] at 16.) As an initial matter, the Court notes that the ALJ was not required to accept and incorporate a 1-2 step task limitation. *See Falls v. Berryhill*, No. 17 C 2805, 2018 WL 5839955, at *8 (N.D. Ill. Nov. 7, 2018) ("The ALJ's omission of the consultants' one-to-two step task and 'brief and superficial' contact restrictions does not require remand. The ALJ was not obligated to adopt every restriction offered by the state agency consultants."); *Carrie B. v. Kijakazi*, No. 20-CV-5465, 2022 WL 1228194, at *3 (N.D. Ill. Apr. 26, 2022) ("The Court also rejects the Plaintiff's argument the ALJ erred in not including a

10

limitation to 1-2 step tasks. The ALJ was not required to entirely adopt the findings of the state agency medical consultant.").

Moreover, as Defendant points out, even if the ALJ had found Plaintiff limited to performing 1-2 step tasks, the DOT establishes that Plaintiff could still perform the job of cleaner. The VE testified that there existed 200,000 such jobs in the national economy, which constituted a significant number. (R. 92); *Sok v. Kijakazi*, No. 21-3039, 2022 WL 17413558, at *2 (7th Cir. Dec. 5, 2022); *Ricky W. v. Dudek*, No. 24 C 5520, 2025 WL 1180972, at *3 (N.D. Ill. Apr. 23, 2025) ("Even assuming Plaintiff is correct, the VE identified 193,000 housekeeping, cleaner positions in the national economy. Plaintiff does not contend that housekeeper, cleaner does not exist in significant numbers in the economy, and any such argument would be unavailing given that the Seventh Circuit has stated that the housekeeping, cleaner position exists in significant numbers."). Tellingly, Plaintiff does not attempt to specifically rebut these points in his reply brief. In any event, the Court ultimately agrees with Defendant's position and finds Plaintiff's second argument unavailing.

11

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for judgment on the pleadings [13] is denied, and the Commissioner's cross-motion for summary judgment [17] is granted.

**SO ORDERED.**                    **ENTERED:**

**DATE:**  **March 16, 2026**

          **HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**